UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRIS KYNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-00373-JPH-MJD |
| ) | |
| BENJAMIN R. LOVERIDGE, et al., ) | |
| ) | |
| Defendants. ) | |

**Order Granting Defendant Loveridge's Motion for Summary Judgment**

Indiana Department of Correction inmate Chris Kyner filed this 42 U.S.C. § 1983 action on August 3, 2017, against several medical providers at the New Castle Correctional Facility. Mr. Kyner alleges that he received constitutionally inadequate medical care for facial injuries he suffered in an accident. Defendant Benjamin R. Loveridge, M.D., seeks summary judgment arguing that he was not involved in the ordering or dispensing of medication to Mr. Kyner during the relevant time period. Mr. Kyner has responded in opposition to the motion. For the reasons explained below, Dr. Loveridge's motion, dkt. [237], is **granted**.

**I. Summary Judgment Legal Standard**

A motion for summary judgment asks the court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party

1

must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017). The non-moving party bears the burden of specifically identifying the relevant evidence of record. *D.Z. v. Buell*, 796 F.3d 749, 756 (7th Cir. 2015).

When reviewing cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)).

## II. Facts of the Case

Consistent with the legal standards set out above, the following facts are undisputed. *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 808 (7th Cir. 2014). That is, these statements of fact are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and any disputed evidence are presented in the light most favorable to the non-moving party. *Whitaker v. Wisc. Dep't of Health Serv's,* 849 F.3d at 683.

The following case history, recited here for context, is taken from the Order of July 18, 2018, granting defendants' motions for partial judgment on the pleadings on certain claims. *See* dkt. 91.

After Mr. Kyner fell and injured his face on June 9, 2015, and sought medical treatment on June 12, 2015, he noticed imbedded objects in his face and experienced numbness. Two days later he requested emergency treatment. Prison medical providers eventually referred Mr. Kyner to an offsite physician. Dr. Robert Alderman, who is not a defendant here, treated Mr. Kyner and prescribed pain medication for him to take between July 29 and August 5, 2015. *See* dkt. 91. Mr. Kyner alleges that prison medical providers failed to follow Dr. Alderman's pain management orders. *Id.* (dismissing on statute of limitations grounds all claims accruing prior to August 3, 2015).

Dr. Loveridge first saw Mr. Kyner for the facial injury and associated pain on July 2, 2015, where he performed an examination, ordered x-rays, prescribed antibiotics, and planned to refer Mr. Kyner to a dentist for an evaluation of injury to his gums. No pain medication was prescribed. On July 8, 2015, Mr. Kyner had x-rays taken and Dr. Loveridge examined him again. Although Dr. Loveridge felt objects imbedded in Mr. Kyner's face, he noted they did not appear on the x-rays. He suggested a dental evaluation which was performed by Dr. Davis the same day. A panoramic x-ray did not reveal any foreign objects in Mr. Kyner's face, but Dr. Davis opined that oral surgery was necessary. Mr. Kyner asked for pain medication and stronger antibiotics. Dr. Loveridge would not provide pain medication because "another two weeks or so [is] nothing."

An outpatient referral was requested by Dr. Loveridge and approved on July 14, 2015. Two weeks later, on July 29, 2015, Dr. Alderman saw Mr. Kyner and removed several foreign objects from his face. Dkt. 238-1 at ¶ 7. He prescribed 600 milligrams of ibuprofen for Mr. Kyner's pain,

and 500 milligrams of amoxicillin, both to begin immediately and end on August 5, 2015. *Id.* at ¶ 9. Dr. Alderman entered the medication orders into Mr. Kyner's electronic medical record, having been given access to the record system, and Dr. Loveridge was not involved. *Id.* at ¶ 8.

Mr. Kyner alleges beginning July 30, 2015, he was denied any pain medication until August 5 or 6, 2015, when defendant Nurse Vincente gave him a small amount of Tylenol. He also alleges the nursing staff occasionally failed to give him his antibiotic and ignored his requests for the prescribed medications.

Concerning Dr. Loveridge's actions after August 3, 2015, Mr. Kyner asserts that Dr. Loveridge knew that Mr. Kyner required ibuprofen or something similar but failed to provide it. *See* dkt. 91 at 6.

### III. Discussion

In response to Dr. Loveridge's motion for summary judgment, Mr. Kyner focuses on allegedly missing and unfulfilled discovery requests, and an implied suggestion that summary judgment is not appropriate until all discovery has been provided. *See* dkt. 250. Mr. Kyner also argues that he is not required to provide argument against Dr. Loveridge's contentions or provide any evidence to prove his case. *Id.* at 2, ¶ 4. In this regard, Mr. Kyner is incorrect. *See* Section I, above. Additionally, Mr. Kyner extensively "adopts and reasserts by reference" portions of at least ten other filings but does not reproduce those materials. *See, e.g.*, dkt. 250 at 2. The Court limits its review to Mr. Kyner's response, dkt. 250, and declines to independently look up the numerous cross references to other filings. *See Grant*, 870 F.3d at 573-74 (courts are not required to scour every inch of the record in search of relevant material).

As for Mr. Kyner's argument about "unanswered" discovery requests, the Court has reviewed the list of items Mr. Kyner had asked for but not received. *See* dkt. 232. This list was

4

filed by Mr. Kyner in response to the Order of January 13, 2020, addressing nine of his discovery motions. *See* dkt. 230. After reviewing the list and the defendants' response, the Magistrate Judge denied further relief and noted that discovery was closed. Dkt. 244. Mr. Kyner cannot now defend against summary judgment by citing to discovery requests that have been denied. Additionally, the Court notes that contained on the list were requests for the names of approved formulary drugs, records of all pain and antibiotic medications available at his prison in a four-month period in 2015, a unit visitor's log including dates irrelevant to this action, IDOC policies governing medical records, staff training policies and records, policies on medication dispensing, and medical personnel records. These items are contained in six paragraphs of a thirty-paragraph list of unanswered discovery requests. *Id.* None of these discovery requests were relevant to Dr. Loveridge's actions or inactions between July 30 and August 5, 2015.

Dr. Loveridge testified by affidavit that when Mr. Kyner returned from his medical appointment with Dr. Alderman, he did not see Mr. Kyner because there was no need to do so. Dkt. 238-1. He reviewed and signed Dr. Alderman's report saying that no follow-up visit was necessary, and that he had entered medication orders into the medical record. *Id.* Dr. Loveridge was aware of the medication orders. *Id.* Dr. Loveridge testified that he was not made aware that Mr. Kyner was not receiving his medications. *Id.* Finally, Dr. Loveridge testified that he was not involved in the ordering or dispensing of Mr. Kyner's medications during the relevant time period. *Id.*

Mr. Kyner does not designate evidence to support his conclusory allegation that Dr. Loveridge knew Mr. Kyner was not receiving prescribed pain medication and did nothing about it. Consequently, Dr. Loveridge's affidavit testimony is unrebutted and accepted as an undisputed fact for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e)(2).

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and is predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Because there is no evidence that Dr. Loveridge had personal involvement in the failure to provide pain medication to Mr. Kyner, or that he knew there was a failure to provide the medication, Dr. Loveridge cannot be liable under § 1983.

Additionally, there is no *respondeat superior*, or vicarious, liability in § 1983 actions. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[T]o recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of respondeat superior and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Individual liability "may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Id*. Even if Dr. Loveridge was acting in a supervisory role over the nursing staff, he cannot be liable for their failure to provide the prescribed pain medication to Mr. Kyner absent personal participation in that failure.

Accordingly, Dr. Loveridge's motion for summary judgment, dkt. [237], is **granted**. The **clerk is directed** to terminate Dr. Loveridge from the docket as a defendant. No partial final judgment will enter at this time.

Other defendants remain in this action who have not sought summary judgment. The Court requests that the assigned Magistrate Judge conduct a status conference at his earliest opportunity to determine what remains to be done for trial. The Court will set a final pretrial conference and trial date by separate order.

**SO ORDERED**.

Date: 10/19/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Chris Kyner
160111
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jeb Adam Crandall
Bleeke Dillon Crandall Attorneys
jeb@bleekedilloncrandall.com

Adam Garth Forrest
Boston Bever Klinge Cross & Chidester
aforrest@bbkcc.com

Joseph G. Strines
AES US Services, LLC
joseph.strines@aes.com

By electronic copy:
    The Honorable Mark J. Dinsmore
    United States Magistrate Judge